UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------×

JEANETTE FERNANDEZ,

       *Plaintiff*,

       *v.*

MIZU FOR HAIR NEW YORK LLC d/b/a MIZU FOR
HAIR, MIZU FOR HAIR LLC d/b/a MIZU FOR HAIR,

       *Defendants*.

-------------------------------------------------------------------×

JUDGE ABRAMS

15 CV 523    15 Civ.

COMPLAINT



Plaintiff Jeanette Fernandez, by counsel, The Harman Firm, PC, alleges for her complaint

against Defendants Mizu For Hair New York LLC d/b/a Mizu For Hair and Mizu For Hair LLC

d/b/a Mizu For Hair, as follows:

## PRELIMINARY STATEMENT

1.    In this employment discrimination action, Plaintiff Jeanette Fernandez ("Ms.

Fernandez") seeks damages and costs against Defendants Mizu For Hair New York LLC d/b/a

Mizu For Hair and Mizu For Hair LLC d/b/a Mizu For Hair (collectively "Defendants" or

"Mizu") for pregnancy discrimination. This matter arises under Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination

Act of 1978 ("PDA"), the New York State Human Rights Law, as codified at N.Y. EXEC. LAW

§§ 290–97 ("NYSHRL"), and the New York City Human Rights Law, as codified at N.Y.C.

ADMIN. CODE §§ 8-101, *et seq.* ("NYCHRL").

## JURISDICTION AND VENUE

2.     Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claim as Defendants violated Plaintiff's rights under 42 U.S.C. § 2000e, *et seq*.

3.     Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's claims brought under NYCHRL and NYSHRL.

4.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to the claim occurred within this District.

5.     All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Opportunity in Employment Commission ("EEOC"). The EEOC issued a Notice of Right-to-Sue Letter dated December 24, 2014 relating to the discriminatory acts described in this Complaint. This action was properly instituted within ninety (90) days of the issuance of the Right-to-Sue Letter.

## TRIAL BY JURY

6.     Plaintiff respectfully requests a trial before a jury.

## PARTIES

7.     Plaintiff Jeannete Fernandez worked for Mizu at all times relevant hereto, and was and is a resident of Kings County, New York.

8.     Upon information and belief, Defendant Mizu For Hair New York LLC d/b/a Mizu For Hair is foreign corporation organized under the laws of the State of Delaware with a place of business located at 505 Park Avenue, New York, New York 10022.

9.     Upon information and belief, Defendant Mizu For Hair LLC d/b/a Mizu For Hair is foreign corporation organized under the laws of the State of Massachusetts and is affiliated

with, and oversees the operations and management of, Defendant Mizu for Hair New York LLC d/b/a Mizu For Hair.

## STATEMENT OF FACTS

10.    Ms. Fernandez has over thirteen (13) years of experience in the beauty industry.

11.    On or about May 9, 2014, Defendants hired Ms. Fernandez as a receptionist.

12.    At all relevant times, Ms. Fernandez's performance as a receptionist was satisfactory and/or above satisfactory.

13.    Due to Ms. Fernandez's competence and professionalism, she was being trained to become a front desk manager, which is a position superior to a receptionist, including more responsibilities and a higher wage.

14.    As a front desk manager, Ms. Fernandez would be the face of Mizu at the Park Avenue location.  In expectation of her being the front desk manager, Defendants instructed her to purchase new clothes and have her hair cut to fit Mizu's standards.

15.    On or about June 11, 2014, Ms. Fernandez became ill and had to leave work early.  Later that day, she learned she was pregnant.

16.    On or about June 12, 2014, Ms. Fernandez promptly notified Marisa Strafacci, the manager at Mizu's Park Avenue location, that she was pregnant.

17.    On or about Sunday, June 22, 2014, Ms. Fernandez felt extremely ill and went to the emergency room where she was diagnosed with hyperemesis gravidarum, which was caused by her pregnancy.  Ms. Fernandez diligently notified Ms. Strafacci that she would not be at work the following day (Monday).

18.     Ms. Fernandez's condition did not improve and, as a result, the next day, on or about Tuesday, June 24, 2014, Ms. Fernandez told Ms. Strafacci that she needed four (4) additional days to recover from her illness.

19.     That same day, Ms. Strafacci asked Ms. Fernandez to call her and during that conversation, Ms. Strafacci terminated Ms. Fernandez's employment. Ms. Strafacci told Ms. Fernandez, in substance, that Ms. Ferndandez "had too much on her hands with the pregnancy."

20.     On December 12, 2014, Ms. Fernandez was admitted to a high-risk clinic at a downstate hospital. Due to Defendants' outrageous conduct causing Ms. Fernandez substantial stress by suddenly forcing her to be without employment and/or income, and the continuous thoughts of Mizu's wrongful action against her, Ms. Fernandez's blood pressure and heart rate were elevated.

21.     Mizu's abrupt and unwarranted termination of Ms. Fernandez's employment made Ms. Fernandez feel as if her pregnancy was a mistake, which was and continues to cause her, as a first-time mother, incredible humiliation and stress.

22.     Around this time, Ms. Fernandez began having sleep problems and sought counseling to assist with the emotional distress caused by her illegal termination.

23.     Defendants wrongfully terminated Ms. Fernandez's employment because she became pregnant. As a result, Defendants engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her sex and pregnancy.

4

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violation of the Title VII for Discrimination Based on Pregnancy

24.     Plaintiff Fernandez hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 23 with the same force as though separately alleged herein.

25.     Title VII prohibits an employer from discriminating against any individual with respect to the individual's terms, conditions, or privileges of employment because of such individual's sex.

26.     The PDA amended Title VII to include discrimination on the basis of "pregnancy, childbirth, or related medical conditions."

27.     Defendants violated Title VII by wrongfully terminating Plaintiff because of her pregnancy.

28.     Defendants' conduct was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless disregard of Plaintiff's protected civil rights.

29.     As a direct and proximate consequence of Defendants' willful discrimination against Plaintiff on the basis of her pregnancy, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

30.     Plaintiff is entitled to compensatory damages, back pay, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## SECOND CAUSE OF ACTION
### Violation of the NYCHRL for Unlawful Termination Because of Pregnancy

31.     Plaintiff Fernandez hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

32.     NYCHRL § 8-107(22) prohibits an employer from refusing to provide a reasonable accommodation to the needs of an employee for her pregnancy, childbirth, or related medical condition.

33.     Defendants violated NYCHRL § 8-107(22) by terminating Ms. Fernandez's employment because of her pregnancy.

34.     As a direct and proximate consequence of Defendants' willful, egregious, and unlawful action, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

35.     Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## THIRD CAUSE OF ACTION
### Violation of the NYCHRL for Unlawful Termination Because of Disability

36.     Plaintiff Fernandez hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 35 with the same force as though separately alleged herein.

37.     After becoming pregnant, Ms. Fernandez was diagnosed with hyperemesis gravidarum.

38.     Hyperemesis gravidarum is a pregnancy complication characterized by intractable nausea, omitting, and dehydration and is estimated to affect 0.5 to 2.0% of pregnant women.  It is

a physical and medical psychological impairment, which may cause, *inter alia*, loss of body weight, dehydration, constipation, nutritional disorders, physical and emotional stress on the body, and difficulty with activities of daily living.  Under NYCHRL, hyperemesis gravidarum is a disability.

39.    NYCHRL § 8-107 mandates that no employer discriminate against any employee on the basis of a disability and/or perceived disability.

40.    Defendants violated NYCHRL § 8-107(22) by terminating Ms. Fernandez's employment because of her disability and/or perceived disability.

41.    As a direct and proximate consequence of Defendants' willful, egregious, and unlawful action, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

42.    Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## SECOND CAUSE OF ACTION
### Violation of the NYSHRL for Unlawful Termination Because of Pregnancy

43.    Plaintiff Fernandez hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 42 with the same force as though separately alleged herein.

44.    NYSHRL § 296 prohibits an employer from refusing to provide a reasonable accommodation to the needs of an employee for her pregnancy, childbirth, or related medical condition.

45.    Defendants violated NYSHRL § 296 by terminating Ms. Fernandez's employment because of her pregnancy.

7

46.     As a direct and proximate consequence of Defendants' willful, egregious, and unlawful action, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

47.     Plaintiff is entitled to compensatory damages and any other damages and other compensation that the Court deems appropriate.

## Request for Relief

**WHEREFORE**, Plaintiff respectfully request the following relief:

A.      for the first claim, actual damages to be determined at trial, but in no event less than $500,000;

B.      for the second claim, actual damages to be determined at trial, but in no event less than $500,000;

C.      for the third claim, actual damages to be determined at trial, but in no event less than $500,000;

D.      for the fourth claim, actual damages to be determined at trial, but in no event less than $500,000;

E.      an award of compensatory, assumed, and punitive damages;

F.      pre-judgment and post-judgment interest;

G.      attorneys' fees and costs; and

H.      such other and further relief as the Court deems just and proper.


Dated:      New York, New York
               January 23, 2015


By: _____
Ronnie L. Silverberg [RS-6881]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
1776 Broadway, Suite 2030
New York, NY 10019
(212) 425-2600
rsilverberg@theharmanfirm.com

9