UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

JEANETTE FERNANDEZ

                        Plaintiff,

    *v.*
                                               15 CV 00523

MIZU FOR HAIR
NY LLC, d/b/a Mizu
For Hair, and MIZU
FOR HAIR LLC,
d/b/a Mizu For Hair
                        Defendants

                                    <u>ANSWER</u>

Defendants Mizu For Hair NY LLC, d/b/a Mizu For Hair ("Mizu NY") and Mizu For Hair LLC, d/b/a Mizu For Hair ("Mizu") respond as contained in referring to the numbered paragraphs of the Complaint below.

AS TO "PRELIMINARY STATEMENT"

1. This paragraph is an introductory statement of the case to which no response is required. Insofar as a response is required, Defendant denies the allegations.

JURISDICTION AND VENUE

2. Defendants deny the allegations contained in Paragraph "2", but aver that jurisdiction is proper over Plaintiff's claims under federal law.

3. Deny.

4. Defendants deny the allegations contained in Paragraph "4" of the Complaint, but aver that venue is appropriate.

5. Defendants deny knowledge or that they have information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "5", except that they

admit that a charge of discrimination was filed with the Equal Opportunity Employment Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue, which speaks for itself.

## AS TO "TRIAL BY JURY"

6. Defendants admit that Plaintiff purports to seek a trial by jury but denies that she has stated a claim or is entitled to any relief whatsoever.

## AS TO "PARTIES"

7. Mizu NY admits that Plaintiff was an employee of Mizu For Hair NY LLC, and otherwise denies or lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph "7." Mizu denies or lacks knowledge or information sufficient to form a belief as to any and all of the allegations in Paragraph "7."

8. Mizu NY states that Mizu For Hair NY LLC is a Delaware limited liability company, and that it operates a place of business (the "Salon") at 505 Park Avenue, New York, New York 10022. Mizu NY denies all other allegations in Paragraph "8." Mizu lacks knowledge or information sufficient to form a belief as to the incorporation or place of business of Mizu NY, and denies all other allegations in Paragraph "8."

9. Mizu NY lacks knowledge or information sufficient to form a belief as to the incorporation of Mizu, and denies all other allegations in Paragraph "9." Mizu states that Mizu For Hair LLC is a Massachusetts limited liability company and denies all other allegations contained in Paragraph "9."

## AS TO "STATEMENT OF FACTS"

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "10."

11. Mizu NY admits that it hired Plaintiff as a receptionist and states that Plaintiff's first day of work was on May 9, 2014. Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11."

12. Mizu NY denies. Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "12."

13. Mizu NY denies. Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "13."

14. Mizu NY denies. Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "14."

15. Mizu NY admits that on June 11, 2014, Plaintiff did not work the complete shift for which she was scheduled, and denies or lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph "15." Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15."

16. Mizu NY states that on June 12, 2014, Plaintiff notified manager Marisa Strafaci, that she was pregnant, and denies all other allegations contained in Paragraph "16." Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "16."

17. Mizu NY admits that on June 22, 2014, Plaintiff notified Ms. Strafaci that she would not be at work the following day, and denies or lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph "17." Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "17."

18. Mizu NY states that on June 24, 2014, Plaintiff notified Ms. Strafaci that she would not be at work for her shifts for the rest of the week, and denies or lacks knowledge or

information sufficient to form a belief as to the remaining allegations in paragraph "18." Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "18."

19.     Mizu NY admits that on June 24, 2014, Plaintiff's employment was terminated, and denies the remaining allegations in Paragraph "19." Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "19."

20.     Mizu NY denies or lacks knowledge or information sufficient to form a belief as to whether Plaintiff was admitted to a "high risk" clinic or her physical condition and denies the remaining allegations in paragraph "20." Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "20."

21.     Mizu NY denies. Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "21."

22.     Mizu NY denies or lacks knowledge or information sufficient to form a belief as to whether Plaintiff had "sleep problems" or sought counseling, and denies the remaining allegations in Paragraph "22." Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "22."

23.     Mizu NY denies. Mizu lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "21."

AS TO "CLAIMS FOR RELIEF"

**As To "First Cause of Action
Violation of the Title VII for Discrimination Based on Pregnancy"**

24.     Defendants repeat and reallege each and every denial, admission or other response to the allegations contained in Paragraphs "1" through "24," inclusive, of the Complaint as though set forth fully herein.

25. Title VII (as defined in the Complaint) speaks for itself.  To the extent a response is required, Defendants deny the allegation.

26. The PDA (as defined in the Complaint) speaks for itself.  To the extent a response is required, Defendants deny the allegation.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

### As To "Second Cause of Action
### Violation of the NYCHRL for Unlawful Termination Because of Pregnancy"

31. Defendants repeat and reallege each and every denial, admission or other response to the allegations contained in Paragraphs "1" through "31," inclusive, of the Complaint as though set forth fully herein.

32. The NYCHRL (as defined in the Complaint) speaks for itself.  To the extent a response is required, Defendants deny the allegation.

33. Deny.

34. Deny.

35. Deny.

### As To "Third Cause of Action
### Violation of the NYCHRL for Unlawful Termination Because of Disability"

36. Defendants repeat and reallege each and every denial, admission or other response to the allegations contained in Paragraphs "1" through "36," inclusive, of the Complaint as though set forth fully herein.

37. Defendants deny or lack knowledge or sufficient information to form a belief as to all allegations in Paragraph "37."

38. Defendants deny or lack knowledge or sufficient information to form a belief as to all allegations in Paragraph "38."

39. The NYCHRL speaks for itself. To the extent a response is required, Defendants deny the allegation.

40. Deny.

41. Deny.

42. Deny.

### As To "Second [Sic] Cause of Action
### Violation of the NYSHRL for Unlawful Termination Because of Pregnancy"

43. Defendants repeat and reallege each and every denial, admission or other response to the allegations contained in Paragraphs "1" through "43," inclusive, of the Complaint as though set forth fully herein.

44. The NYSHRL (as defined in the Complaint) speaks for itself. To the extent a response is required, Defendants deny the allegation.

45. Deny.

46. Deny.

47. Deny.

### As To "Request for Relief"

The remaining paragraphs in the Complaint consist of requests for relief to which no responses are required. Regardless, Defendants deny the allegations and further deny that Plaintiff has stated a claim or is entitled to any relief whatsoever.

### **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants assert the following defenses:

### AS AND FOR A FIRST DEFENSE

At all times relevant hereto, Defendants acted reasonably and in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local law, rule, regulation or guideline or under common law.

### AS AND FOR A SECOND DEFENSE

Any and all actions taken by Defendants with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory business reasons, and would have been taken regardless of Plaintiff's alleged pregnancy or alleged disability.

### AS AND FOR A THIRD DEFENSE

Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Defendants exercised reasonable care to prevent any alleged discriminatory behavior.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventative measures and opportunities or to otherwise avoid harm.

### AS AND FOR A FIFTH DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

**AS AND FOR A SIXTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, because she has failed to mitigate her damages.

**AS AND FOR A SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or part, by Plaintiff's failure to fulfill the jurisdictional prerequisites for filing this lawsuit.

**AS AND FOR AN EIGHTH DEFENSE**

Defendants are not liable for compensatory, assumed, or punitive damages, nor for pre-judgment interest or post-judgment interest, nor for attorneys' fees and costs because Defendants made good faith efforts to comply with all applicable laws.

**AS AND FOR A NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by her own acts or omissions.

**AS AND FOR A TENTH DEFENSE**

Plaintiff's claims are barred, in whole or part, by equitable principles, including but not limited to, unclean hands, estoppel, laches and/or set-off.

**AS AND FOR AN ELEVENTH DEFENSE**

Defendant Mizu For Hair LLC was not Plaintiff's employer and Plaintiff was not an employee of said Defendant.

**AS AND FOR A TWELFTH DEFENSE**

To the extent that Plaintiff engaged in acts of misconduct prior to or during her employment with Mizu NY, which, if known, would have resulted in denial of employment to or termination of Plaintiff's employment, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such misconduct.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

Defendants reserve the right to raise additional affirmative and other defenses as discovery may reveal.

WHEREFORE, Defendants Mizu For Hair NY LLC and Defendant Mizu For Hair LLC request that the Court:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice;
2. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;
3. Award to Defendants reimbursement for their costs and attorneys' fees; and,
4. Grant such other and further relief as the Court deems just and proper.

1.

Dated: April 6, 2015                            Respectfully Submitted,

_s/_____
Susan M. Roberts
General Counsel
The Belgrade Group
1208 V.F.W. Parkway, Suite 200
West Roxbury, MA  02132
(617) 323-4714 x 714
sroberts@lordsandladys.com