USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 07 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JEANETTE FERNANDEZ,

                Plaintiff,

        -v-

MIZU FOR HAIR NEW YORK LLC *doing business as* MIZU FOR HAIR and MIZU FOR HAIR LLC *doing business as* MIZU FOR HAIR,

                Defendants.

------------------------------------------------------------X

15-CIV-523 (RA)

ORDER AND NOTICE OF
INITIAL CONFERENCE

RONNIE ABRAMS, United States District Judge:

This case has been assigned to me for all purposes. It is hereby:

ORDERED that pursuant to the Southern District of New York's Standing Administrative Order of January 3, 2011 regarding employment discrimination cases, this case is designated for automatic referral under the Court's existing Alternative Dispute Resolution program of mediation. In addition, initial discovery in this case shall be conducted in accordance with the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action ("Initial Discovery Protocols"). A copy of the Initial Discovery Protocols is attached to this Order.

IT IS FURTHER ORDERED that if the Southern District mediation process is unsuccessful, counsel for all parties shall appear for an initial status conference on July 10, 2015 at 10:30 a.m. to be held in Courtroom 1506 of the U.S. District Court for the Southern District of New York, 40 Foley Square, New York, New York.

IT IS FURTHER ORDERED that, by July 3, 2015, the parties submit a joint letter, not to exceed five (5) pages, providing the following information in separate paragraphs:

1. A brief description of the nature of the action and the principal defenses thereto;

2. A brief explanation of why jurisdiction and venue lie in this Court;

3. A brief description of all contemplated and/or outstanding motions;

4. A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;

5. A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;

6. The estimated length of trial; and

7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

IT IS FURTHER ORDERED that, by July 3, 2015, the parties jointly submit to the Court a proposed case management plan and scheduling order. A template for the order is available at http://nysd.uscourts.gov/judge/Abrams. The status letter and the proposed case management plan should be filed electronically on ECF, consistent with Section 13.1 of the Court's Electronic Case Filing (ECF) Rules & Instructions, available at http://www.nysd.uscourts.gov/ecf/ecf_rules_080113.pdf. Please consult my Individual Rules and Practices with respect to communications with Chambers and related matters.

SO ORDERED.

Dated: April 7, 2015
New York, New York

_____
Ronnie Abrams
United States District Judge

# PILOT PROJECT REGARDING
# INITIAL DISCOVERY PROTOCOLS
# FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION

November 2011

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| Introduction | 1 |
| Employment Protocols Committee Roster | 3 |
| Initial Discovery Protocols for Employment Cases Alleging Adverse Action | 4 |
| Standing Order for Certain Employment Cases | 10 |
| Model Protective Order | 12 |

# INTRODUCTION

The Initial Discovery Protocols for Employment Cases Alleging Adverse Action provide a new pretrial procedure for certain types of federal employment cases. As described in the Protocols, their intent is to "encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery." Individual judges throughout the United States District Courts will pilot test the Protocols and the Federal Judicial Center will evaluate their effects.

This project grew out of the 2010 Conference on Civil Litigation at Duke University, sponsored by the Judicial Conference Advisory Committee on Civil Rules for the purpose of re-examining civil procedures and collecting recommendations for their improvement. During the conference, a wide range of attendees expressed support for the idea of case-type-specific "pattern discovery" as a possible solution to the problems of unnecessary cost and delay in the litigation process. They also arrived at a consensus that employment cases, "regularly litigated and [presenting] recurring issues,"[1] would be a good area for experimentation with the concept.

Following the conference, Judge Lee Rosenthal convened a nationwide committee of attorneys, highly experienced in employment matters, to develop a pilot project in this area. Judge John Koeltl volunteered to lead this committee. By design, the committee had a balance of plaintiff and defense attorneys. Joseph Garrison[2] (New Haven, Connecticut) chaired a plaintiff subcommittee, and Chris Kitchel[3] (Portland, Oregon) chaired a defense subcommittee. The committee invited the Institute for the Advancement of the American Legal System at the University of Denver (IAALS) to facilitate the process.

---

[1] Civil Rules Advisory Committee, *Report to the Standing Committee*, 10 (May 17, 2010).
[2] Mr. Garrison was a panelist at the Duke Conference. He also wrote and submitted a conference paper, entitled *A Proposal to Implement a Cost-Effective and Efficient Procedural Tool Into Federal Litigation Practice*, which advocated for the adoption of model or pattern discovery tools for "categories of cases which routinely appear in the federal courts" and suggested the appointment of a task force to bring the idea to fruition.
[3] Ms. Kitchel serves on the American College of Trial Lawyers Task Force on Discovery and Civil Justice, which produced the *Final Report on the Joint Project of the American College of Trial Lawyers Task Force on Discovery and the Institute for the Advancement of the American Legal System*, 268 F.R.D. 407 (2009). As a result of her role on the ACTL Task Force, Ms. Kitchel had already begun discussing possibilities for improving employment litigation with Judge Rosenthal when she attended the Duke Conference.

1

The group worked diligently over the course of one year. Committee members met at IAALS for valuable in-person discussions in March and July of 2011. Judge Koeltl was in attendance as well, to oversee the process and assist in achieving workable consensus. In addition, committee members exchanged hundreds of emails, held frequent telephone conferences, and prepared numerous drafts. The committee's final product is the result of rigorous debate and compromise on both sides, undertaken in the spirit of making constructive and even-handed improvements to the pretrial process.

The Protocols create a new category of information exchange, replacing initial disclosures with initial discovery specific to employment cases alleging adverse action. This discovery is provided automatically by both sides within 30 days of the defendant's responsive pleading or motion. While the parties' subsequent right to discovery under the F.R.C.P. is not affected, the amount and type of information initially exchanged ought to focus the disputed issues, streamline the discovery process, and minimize opportunities for gamesmanship. The Protocols are accompanied by a standing order for their implementation by individual judges in the pilot project, as well as a model protective order that the attorneys and the judge can use a basis for discussion.

The Federal Judicial Center will establish a framework for effectively measuring the results of this pilot project.[4] If the new process ultimately benefits litigants, it is a model that can be used to develop protocols for other types of cases.

---

[4] Civil Rules Advisory Committee, *Draft Minutes of April 2011 Meeting*, 43 (June 8, 2011).

## **EMPLOYMENT PROTOCOLS COMMITTEE ROSTER**

Fred Alvarez
*Wilson Sonsini Goodrich & Rosati*
*Palo Alto, CA*

Kathryn Burkett Dickson
*Dickson Levy Vinick Burrell Hyams LLP*
*Oakland, CA*

Herbert Eisenberg
*Eisenberg & Schnell LLP*
*New York, NY*

Joseph Garrison
*Garrison, Levin-Epstein, Chimes, Richardson & Fitzgerald, PC*
*New Haven, CT*

Margaret Harris
*Butler & Harris*
*Houston, TX*

John Jansonius
*Akin Gump Strauss Hauer & Feld LLP*
*Dallas, TX*

Chris Kitchel
*Stoel Rives LLP*
*Portland, OR*

Jonathan Margolis
*Rodgers, Powers & Schwartz, LLP*
*Boston, MA*

Ellen Messing
*Messing, Rudavsky & Weliky, PC*
*Boston, MA*

Bettina (Betsy) Plevan
*Proskauer Rose LLP*
*New York, NY*

Felix Springer
*Day Pitney LLP*
*Hartford, CT*

# INITIAL DISCOVERY PROTOCOLS
# FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION

## PART 1: INTRODUCTION AND DEFINITIONS.

### (1) Statement of purpose.

a. The Initial Discovery Protocols for Employment Cases Alleging Adverse Action is a proposal designed to be implemented as a pilot project by individual judges throughout the United States District Courts. The project and the product are endorsed by the Civil Rules Advisory Committee.

b. In participating courts, the Initial Discovery Protocols will be implemented by standing order and will apply to all employment cases that challenge one or more actions alleged to be adverse, except:
   i. Class actions;
   ii. Cases in which the allegations involve only the following:
       1. Discrimination in hiring;
       2. Harassment/hostile work environment;
       3. Violations of wage and hour laws under the Fair Labor Standards Act (FLSA);
       4. Failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);
       5. Violations of the Family Medical Leave Act (FMLA);
       6. Violations of the Employee Retirement Income Security Act (ERISA).

If any party believes that there is good cause why a particular case should be exempted, in whole or in part, from this pilot program, that party may raise such reason with the Court.

c. The Initial Discovery Protocols are not intended to preclude or to modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure (F.R.C.P.) and other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures pursuant to F.R.C.P. 26(a)(1). The purpose of the pilot project is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

4

    d. The Initial Discovery Protocols were prepared by a group of highly experienced attorneys from across the country who regularly represent plaintiffs and/or defendants in employment matters. The information and documents identified are those most likely to be requested automatically by experienced counsel in any similar case. They are unlike initial disclosures pursuant to F.R.C.P. 26(a)(1) because they focus on the type of information most likely to be useful in narrowing the issues for employment discrimination cases.

**(2) Definitions.** The following definitions apply to cases proceeding under the Initial Discovery Protocols.

    a. ***Concerning.*** The term "concerning" means referring to, describing, evidencing, or constituting.

    b. ***Document.*** The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in F.R.C.P. 34(a).

    c. ***Identify (Documents).*** When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or, alternatively, to produce the document.

    d. ***Identify (Persons).*** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**(3) Instructions.**

    a. For this Initial Discovery, the relevant time period begins three years before the date of the adverse action, unless otherwise specified.

    b. This Initial Discovery is not subject to objections except upon the grounds set

        forth in F.R.C.P. 26(b)(2)(B).

    c. If a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete.

    d. This Initial Discovery is subject to F.R.C.P. 26(e) regarding supplementation and F.R.C.P. 26(g) regarding certification of responses.

    e. This Initial Discovery is subject to F.R.C.P. 34(b)(2)(E) regarding form of production.

## PART 2: PRODUCTION BY PLAINTIFF.

**(1) Timing.**

    a. The plaintiff's Initial Discovery shall be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

**(2) Documents that Plaintiff must produce to Defendant.**

    a. All communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant.

    b. Claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

    c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

    d. Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit.

    e. Diary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit.

    f. The plaintiff's current resume(s).

    g. Documents in the possession of the plaintiff concerning claims for unemployment benefits, unless production is prohibited by applicable law.

    h. Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and income

and benefits of subsequent employment. The defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff 30 days notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon.

  i. Documents concerning the termination of any subsequent employment.

  j. Any other document(s) upon which the plaintiff relies to support the plaintiff's claims.

**(3) Information that Plaintiff must produce to Defendant.**

  a. Identify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

  b. Describe the categories of damages the plaintiff claims.

  c. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action, whether any application has been granted, and the nature of the award, if any. Identify any document concerning any such application.

## PART 3: PRODUCTION BY DEFENDANT.

**(1) Timing.**

  a. The defendant's Initial Discovery shall be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

**(2) Documents that Defendant must produce to Plaintiff.**

  a. All communications concerning the factual allegations or claims at issue in this lawsuit among or between:
     i. The plaintiff and the defendant;
     ii. The plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s).

b. Responses to claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

d. The plaintiff's personnel file, in any form, maintained by the defendant, including files concerning the plaintiff maintained by the plaintiff's supervisor(s), manager(s), or the defendant's human resources representative(s), irrespective of the relevant time period.

e. The plaintiff's performance evaluations and formal discipline.

f. Documents relied upon to make the employment decision(s) at issue in this lawsuit.

g. Workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action. Depending upon the case, those may include policies or guidelines that address:
    i. Discipline;
    ii. Termination of employment;
    iii. Promotion;
    iv. Discrimination;
    v. Performance reviews or evaluations;
    vi. Misconduct;
    vii. Retaliation; and
    viii. Nature of the employment relationship.

h. The table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of the adverse action.

i. Job description(s) for the position(s) that the plaintiff held.

j. Documents showing the plaintiff's compensation and benefits. Those normally include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

k. Agreements between the plaintiff and the defendant to waive jury trial rights or to arbitrate disputes.

l. Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

    m. Documents in the possession of the defendant and/or the defendant's agent(s) concerning claims for unemployment benefits unless production is prohibited by applicable law.

    n. Any other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for the adverse action.

**(3) Information that Defendant must produce to Plaintiff.**

    a. Identify the plaintiff's supervisor(s) and/or manager(s).

    b. Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.

    c. Identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

    d. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.

UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF _____
_____ DIVISION

_____, )
                                   )
            Plaintiff, )
                                   )
           vs. )   Case No. _____
                                   )
_____, )   Judge _____
                                   )
          Defendant. )

## STANDING ORDER FOR CERTAIN EMPLOYMENT CASES

This Court is participating in a Pilot Program for **INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION,** initiated by the Advisory Committee on Federal Rules of Civil Procedure (see www.website.com).

The Initial Discovery Protocols will apply to all employment cases pending in this court that challenge one or more actions alleged to be adverse, except:

    i. Class actions;
    ii. Cases in which the allegations involve <u>only</u> the following:
        1. Discrimination in hiring;
        2. Harassment/hostile work environment;
        3. Violations of wage and hour laws under the Fair Labor Standards Act (FLSA);
        4. Failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);
        5. Violations of the Family Medical Leave Act (FMLA);
        6. Violations of the Employee Retirement Income Security Act (ERISA).

Parties and counsel in the Pilot Program shall comply with the Initial Discovery Protocols, attached to this Order. If any party believes that there is good cause why a particular case should be exempted from the Initial Discovery Protocols, in whole or in part, that party may raise the issue with the Court.

Within 30 days following the defendant's submission of a responsive pleading or motion, the parties shall provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time period. This obligation supersedes the parties' obligations to provide initial disclosures pursuant to F.R.C.P. 26(a)(1). The parties shall use the documents and information exchanged in accordance with the Initial Discovery Protocols to prepare the F.R.C.P. 26(f) discovery plan.

The parties' responses to the Initial Discovery Protocols shall comply with the F.R.C.P. obligations to certify and supplement discovery responses, as well as the form of production standards for documents and electronically stored information. As set forth in the Protocols, this Initial Discovery is not subject to objections, except upon the grounds set forth in F.R.C.P. 26(b)(2)(B).

ENTER:

Dated:_____        _____

[Name]

United States [District/Magistrate] Judge

11

The Initial Discovery Protocols for Employment Cases Alleging Adverse Action are designed to achieve the goal of more efficient and targeted discovery. If a protective order will be entered in a case to which the Initial Discovery Protocols applies, immediate entry of the order will allow the parties to commence discovery without delay. In furtherance of that goal, the Employment Protocols Committee offers the following Model Protective Order. Recognizing that the decision to enter a protective order, as well as the parameters of any such order, rests within the Court's sound discretion and is subject to local practice, the following provisions are options from which the Court might select.

## **MODEL PROTECTIVE ORDER**

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. ☐ Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. ☐ Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. ☐ In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. ☐ Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a. ☐ The requesting party and counsel, including in-house counsel;

    b. ☐     Employees of such counsel assigned to and necessary to assist in the litigation;

    c. ☐     Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. ☐     Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    e. ☐     The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. ☐     Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a. ☐     inform the person of the confidential nature of the information or documents; and

    b. ☐     inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. ☐     The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. ☐     The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. ☐ All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

9. ☐ At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____     DATED:

Signed in the presence of:

_____

(Attorney)