# THE HARMAN FIRM, LLP
**Attorneys & Counselors At Law**
www.theharmanfirm.com

February 26, 2016

**VIA ECF**

The Hon. Magistrate Judge Ronald L. Ellis
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      Re:    *Jeanette Fernandez v. Mizu For Hair New York, LLC, d/b/a Mizu For Hair, and Mizu For Hair LLC, d/b/a Mizu For Hair, 15 CV 00523 (RA)*

Dear Judge Ellis:

      We represent Plaintiff Jeanette Fernandez in the above-referenced employment matter. We write on behalf of the Parties to respectfully inform the Court of the Parties' progress regarding discovery issues, as directed by the Court at the January 14, 2016 Court conference.

      **Documents generated by Barbara Berry.** On February 25, 2016, Defendants attempted to serve Barbara Berry with a subpoena to obtain her psychotherapy notes related to Plaintiff. Ms. Berry refused to accept service of the subpoena. However, Plaintiff's counsel now represents Ms. Berry and will accept service of the subpoena on her behalf. Plaintiff anticipates producing responsive documents in due course.

      **Documents generated by SUNY Downstate Medical Center.** Defendants continue to await medical records from SUNY Downstate Medical Center University Hospital of Brooklyn. Plaintiff provided three authorizations, signed October 8, 2015, December 10, 2015, and most recently February 4, 2016 (which was delivered to Defendants' counsel on February 11, 2015), to facilitate this request. Despite the release authorizations provided by Plaintiff and sent by Defendants to this provider, SUNY Downstate Medical Center's third party processor has repeatedly rejected the validity of the records request for one or another reason. Defendants last sent Plaintiff's release authorization to the provider on February 12, 2016.

      It is Plaintiff's position that it is Defendants' responsibility to pursue this further, and it is not Plaintiff's responsibility to seek the Court's attention on this topic, as Plaintiff has done nothing to impede this process.

220 Fifth Ave., Suite 900
New York, New York 10001
T 212 425 2600 F 212 202 3926

Defendants are continuing to pursue this further, and, except for possible assistance with Plaintiff's execution of another medical records release authorization (if requested again by the provider), do not anticipate requiring help from Plaintiff at this time.

**Plaintiff's First Notice of Discovery and Inspection**. On February 19, 2016, Defendants responded to Plaintiff's First Notice of Discovery and Inspection by objecting to producing to Plaintiff the cell phones, iPads, tablets and computers of Damian Santiago, Vaughn Acord and Marissa Strafaci for a third-party analysis for information related to this action. A dispute has arisen in regard to this topic. The Parties met and conferred on February 23 and 24 but were unable to resolve the dispute. On February 24, 2016, Defendants filed a letter-motion with this Court requesting a telephone conference on the matter before moving forward with filing a protective order regarding the inspection. Defendants' letter motion is pending. Plaintiff responded to Defendants' letter today.

**Plaintiff's deposition.** Defendants deposed Plaintiff on February 17, 2016, but suspended questioning and reserved time to resume the deposition following Defendants' receipt of medical and psychotherapy records from SUNY Downstate Medical Center and Barbara Berry. As noted above, Defendants still await receipt of those records. Following receipt of the records, Defendants will request that Plaintiff resume the deposition, and if necessary, will seek leave to do so.

Pursuant to Fed. R. Civ. P. 30(a)(2)(A), Plaintiff will oppose any motion seeking leave for the resumption of the deposition, as she does not stipulate to being deposed twice in this action. Further, as Defendant's have not made any efforts to seek the Court's assistance until February 26, 2016 with respect to purported delinquent medical records and they have been aware of this issue for many months, Plaintiff should not be prejudiced by this delinquency.

Defendants' position is that it has made repeated and diligent efforts to obtain the records, and asked for Plaintiff's assistance on several occasions to assist with obtaining Ms. Berry's records (only to find out that Plaintiff's counsel now is representing Ms. Berry), and likewise, should not be penalized by not being allowed to complete Plaintiff's deposition due to delays in obtaining her records.

**Defendants' depositions**. Defendants took Plaintiff's deposition on February 17, 2016. Plaintiff took Damian Santiago's deposition on February 23, 2016 and Vaughn Acord's on February 25, 2016. The Parties have agreed that Plaintiff will take Marisa Strafaci's deposition on March 9, 2016. Plaintiff also has subpoenaed Lillian Hernandez, an employee of Defendants, for her deposition to go forward on March 9, 2016. Defendants advised Plaintiff that they will represent Ms. Hernandez at her deposition.

**Plaintiff's Second Set of Interrogatories.** On January 29, 2016, Plaintiff served her Second Set of Interrogatories on Defendants. Defendants' responses and/or objections are due on or before March 2, 2016.

**Protective order.** The Parties agreed on the form of a proposed Protective Order regarding confidential information generated in the litigation. On February 15, 2016, the Parties jointly submitted the same to this Court for approval. Court approval is pending.

**Privilege log.** Defendants' counsel claimed that correspondence between Defendants and their EPLI carrier were privileged; however, Defendants have not produced a privilege log. Plaintiff demands that Defendants produce a privilege log, as documents have not been produced pursuant to attorney-client privilege.

Defendants' position is that in its letter to Plaintiff's counsel dated January 6, 2016, Defendants provided a privilege log and stated that the requested correspondence consisted of ESI between beginning on February 24, 2015 between Defendants' counsel and the insurance carrier's attorney and other representatives of the provider relating to the commencement and prosecution of the instant litigation. Since receipt of that letter, Plaintiff has not requested a privilege log nor made any demand of Defendants regarding this matter. However, on February 24, 2016, Plaintiff noticed Defendants with the intent to subpoena Defendants' insurance carrier, which is Travelers. This matter remains open.

Thank you for your time and attention to this matter.

Respectfully submitted,

Walker G. Harman, Jr.

cc: Susan Roberts (via ECF)
Lori A. Jablczynski (via ECF)