# THE HARMAN FIRM, LLP

**Attorneys & Counselors At Law**
www.theharmanfirm.com

March 11, 2016

**VIA ECF**

The Hon. Magistrate Judge Ronald L. Ellis
United States District Judge
U.S. District Court for the Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

   *Re: Jeanette Fernandez v. Mizu For Hair New York, LLC, d/b/a Mizu For Hair, and Mizu For Hair LLC, d/b/a Mizu For Hair, 15 CV 00523 (RA)*

Dear Judge Ellis:

  We represent Plaintiff Jeanette Fernandez in the above-referenced employment matter. We write on behalf of the Parties to respectfully inform the Court of the Parties' progress regarding discovery issues, as directed by the Court at the January 14, 2016 Court conference.

  **Post-discovery conference.** The Parties have a post-discovery conference scheduled before Judge Abrams on April 1, 2016 at 3:30 pm.

  **Documents generated by Barbara Berry.** On March 10, 2016, as directed by Defendants in their February 25, 2016 subpoena, Plaintiff produced to Defendants documents Bates numbered Berry00001 – Berry00004.

  Defendants note that of the four (4) documents produced by Ms. Berry, two (2) of the documents are handwritten and illegible. Defendants intend to notice the deposition of Ms. Berry and also request that a transcript be made of the illegible notes.

  For the reasons below (see *infra* Defendants' additional discovery), Plaintiff opposes extending discovery past the April 1, 2016 conference for any reason, including this deposition. Also, Plaintiff is already in the process of working with Barbara Berry to provide Defendants with a legible transcript of those notes.

  **Documents generated by SUNY Downstate Medical Center.** Defendants continue to await medical records from SUNY Downstate Medical Center University Hospital of Brooklyn. Plaintiff provided four (4) authorizations, signed October 8, 2015, December 10, 2015, February 4, 2016 (which was delivered to Defendants' counsel on February 11, 2015), and most recently, February 29, 2016 to facilitate this request. Despite the release authorizations provided by Plaintiff and sent by Defendants to this provider, SUNY Downstate Medical Center's third party

220 Fifth Ave., Suite 900
New York, New York 10001
T 212 425 2600 F 212 202 3926

processor has repeatedly rejected the validity of the records request for one or another reason. Defendants last sent Plaintiff's release authorization to the provider on March 1, 2016. Defendants are continuing to pursue this further, and, except for possible assistance with Plaintiff's execution of another medical records release authorization (if requested again by the provider), do not anticipate requiring help from Plaintiff at this time.

Plaintiff's argues that it is Defendants' responsibility to pursue this further, and it is not Plaintiff's responsibility to seek the Court's attention on this topic, as Plaintiff has done nothing to impede this process.

**Plaintiff's First Notice of Discovery and Inspection**. On February 19, 2016, Defendants responded to Plaintiff's First Notice of Discovery and Inspection by objecting to producing to Plaintiff the cell phones, iPads, tablets and computers of Damian Santiago, Vaughn Acord and Marissa Strafaci for a third-party analysis for information related to this action. A dispute has arisen in regard to this topic. The Parties met and conferred on February 23 and 24 but were unable to resolve the dispute. On February 24, 2016, Defendants filed a letter-motion with this Court requesting a telephone conference on the matter before moving forward with filing a protective order regarding the inspection. Plaintiff responded to Defendants' letter February 26, 2016. A conference is presently scheduled before Your Honor for March 17, 2016 at 10:30 am.

**Plaintiff's deposition.** Defendants deposed Plaintiff on February 17, 2016, but suspended questioning and reserved time to resume the deposition following Defendants' receipt of medical and psychotherapy records from SUNY Downstate Medical Center and Barbara Berry. As noted above, Defendants still await receipt of those records. Following receipt of the records, Defendants will request that Plaintiff resume the deposition, and if necessary, will seek leave to do so.

Pursuant to Fed. R. Civ. P. 30(a)(2)(A), Plaintiff opposes any motion seeking leave for the resumption of the deposition, as she does not consent to being deposed twice in this action. Further, as Defendants have not made any efforts to seek the Court's assistance with respect to compelling Ms. Barry to produce documents until February 26, 2016 and they have been aware of this issue for months, Plaintiff should not be prejudiced by Defendants' delinquency.

Defendants' position is that it has made repeated and diligent efforts to obtain the records, and asked for Plaintiff's assistance on several occasions to assist with obtaining Ms. Berry's records (only to find out that Plaintiff's counsel now is representing Ms. Berry), and likewise, should not be penalized by not being allowed to complete Plaintiff's deposition due to delays in obtaining her records.

**Defendants' depositions**. Plaintiff took Damian Santiago's deposition on February 23, 2016, Vaughn Acord's on February 25, 2016, Marisa Strafaci's deposition on March 9, 2016, and Lillian Hernandez's deposition also on March 9, 2016. As such, Plaintiff's position is that all depositions have been completed, and the Parties are ready to proceed to the post-discovery conference as soon as Plaintiff receives outstanding documents.

Defendants' position is that depositions are not complete, as indicated below.

2

**Defendants' Additional Discovery.** Defendants intend to notice the deposition of Barbara Berry. Additionally, Defendants intend to subpoena records from Antonio Berducci and Curls For Fun, and, possibly, to subpoena Mr. Berducci for deposition testimony. Defendants also intend to serve a notice of discovery and request for inspection of Plaintiff's cell phone used during the time of Plaintiff's employment with Defendants.

Plaintiff opposes an extention of discovery. On November 20, 2015, this Court granted a motion to extend fact discovery until January 11, 2016, so the Parties have already been conducting discovery beyond the last Case Management Plan and Scheduling Order. Despite the fact that Plaintiff sent Defendants her Initial Disclosures over seven months ago (on August 7, 2015), in which Plaintiff identified Barbara Berry as a witness, and her Responses to Defendants' First Set of Interrogatories over five months ago (September 20, 2015), in which Plaintiff identified Antonio Berducci as Plaintiff's employer, Defendants have waited until today, March 11, 2015, to express an intention to notice Barbara Berry's deposition, serve a subpoena for records from Antonio Berducci, and "possibly" notice his deposition. Plaintiff has vigorously prosecuted her case for well over a year (the Complaint was filed on January 23, 2015), and Defendants essentially are asking to restart discovery; the Court should not penalize Plaintiff for Defendants' milquetoast approach to this litigation.

**Protective order.** The Parties agreed on the form of a proposed Protective Order regarding confidential information generated in the litigation. On February 15, 2016, the Parties jointly submitted the same to this Court for approval. Court approval is pending. Both Parties have marked depositions as confidential.

**Privilege log.** Defendants' counsel claimed that correspondence between Defendants and their EPLI carrier were privileged; however, Defendants have not produced a privilege log. Plaintiff demands that Defendants produce a privilege log, as documents have not been produced pursuant to attorney-client privilege.

Defendants' position is that in its letter to Plaintiff's counsel dated January 6, 2016, Defendants provided a privilege log and stated that the requested correspondence consisted of ESI between beginning on February 24, 2015 between Defendants' counsel and the insurance carrier's attorney and other representatives of the provider relating to the commencement and prosecution of the instant litigation.

**Subpoena of Travelers.** On or about February 29, 2016, Plaintiff served Travelers—the carrier of Defendants' Employment Practices Liability Insurance Policy—with a subpoena requesting "any and all documents and communications and electronically stored information, including without limitation, claim notification, internal memoranda, reservation of rights letters, position statements and correspondence between the insurer and the insured that relate in any way to employment practices liability insurance coverage in this action." Defendants object to this subpoena on several grounds and will be providing Plaintiff with its written objection on March 11, 2016. The subpoena requires a response from Travelers on March 14, 2016.

On February 23, 2016, Plaintiff sent Defendants a copy of the Travelers Subpoena, which it served on Travelers on February 29, 2016. Today, at 5:44 pm, Defendants sent Plaintiff a list of objections to that subpoena, seventeen days after they had notice of the subpoena. Also today, at 3:16 pm, Plaintiff received documents pursuant to that subpoena. As such, Plaintiff argues

that Defendants' objections are untimely; however, Plaintiff awaits the Court's instruction regarding this issue.

**Document request – Marisa Strafaci's notebook.** During Jeanette Fernandez's deposition, Marisa Strafaci took notes in a notebook. Ms. Strafaci is not an attorney and her notes were not taken pursuant to an attorney's direction; Ms. Strafaci testified that she independently decided to take notes. As such, this notebook is not protected by the attorney-work product doctrine and must be produced.

Defendants oppose the production of Ms. Strafaci notes and plan to furnish Plaintiff with a written objection regarding the same during the week of March 14, 2016.

**Document request – schedule.** Plaintiff has yet to receive the front desk schedules for each week of Plaintiff's employment with Defendants. Plaintiff began working for Defendants on May 9, 2014, but Defendants only produced schedules from May 26 to June 28 (Bates numbered D000021 – D000022). These schedules must be produced.

Defendants acknowledge Plaintiff's request for these schedules, but state that following several searches of ESI and their hard copy files, they do not have such schedules in their possession, as they do not regularly maintain them once the weeks have passed.

**Document request – authenticating an email Bates numbered D00000128.** On March 8, 2016 at 6:53 pm, Plaintiff received an email that appeared to be written by Marisa Strafaci. Defendants represented that they will provide Plaintiff's counsel with verification stating that the email was indeed written and sent by Marisa Strafaci. Defendants intend to provide this verification during the week of March 14, 2016.

Thank you for your time and attention to this matter.

Respectfully submitted,

Walker G. Harman, Jr.


cc: Susan Roberts (via ECF)
    Lori A. Jablczynski (via ECF)
    Wendy Mellk (via ECF)